1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MANUEL A. MORALES,                          CASE NO. 06cv0884 DMS (WMC)

12                              Plaintiff,        **ORDER (1) DENYING
                                                  PLAINTIFF'S MOTION FOR**
13         vs.                                    **SUMMARY JUDGMENT AND (2)
                                                  GRANTING DEFENDANT'S**
14                                                **CROSS-MOTION FOR**
     JO ANNE B. BARNHART, Commissioner of        **SUMMARY JUDGMENT**
15   Social Security,
                                                  **[Docket Nos. 9, 11]**
16                              Defendant.

17

18         Plaintiff Manuel Morales ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to

19   obtain judicial review of the decision of the Commissioner of Social Security denying Plaintiff's claim

20   for Supplemental Security Income ("SSI") disability benefits.  Presently before the Court are

21   Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment.

22   Plaintiff argues the Administrative Law Judge's finding at step five of the sequential evaluation

23   process is not supported by substantial evidence and is based on an error of law.  For the reasons

24   discussed below, the Court denies Plaintiff's motion for summary judgment and grants Defendant's

25   cross-motion for summary judgment.

26   / / /

27   / / /

28   / / /

# I.

## BACKGROUND

Plaintiff is a 56-year-old male with a variety of physical and mental problems. It appears those problems began on January 20, 1998. At that time, Plaintiff was working as a cement mason when he was struck on the right shoulder and neck by a falling concrete block. (Administrative Record ("AR") at 54.) Plaintiff was knocked unconscious by the blow, but continued to work with pain through the following month.

On February 27, 1998, he presented to a chiropractor with complaints of neck and back pain and headaches. (*Id.* at 162.) The chiropractor found Plaintiff was disabled, and advised him to discontinue all work. (*Id.* at 165.) Despite this advice, Plaintiff continued to work with pain. He was eventually placed on light duty, and began working part-time until he stopped working altogether. During this time, he received chiropractic treatment.

In August 1998, Plaintiff was examined by Thomas W. Harris, M.D. Dr. Harris diagnosed Plaintiff with a head injury, post concussion syndrome, and a neck and back sprain secondary to the January 20, 1998 incident. (*Id.* at 198.) Dr. Harris referred Plaintiff to a neurologist, Isaac Bakst, M.D.

Plaintiff presented to Dr. Bakst on August 26, 1998. Dr. Bakst referred Plaintiff for an MRI of the head and neck. He also advised Plaintiff to consult with his family physician about his hypertension. Plaintiff had the MRI, which revealed a herniated disc in his cervical spine, and he returned to Dr. Bakst in September 1998. At that time, he expressed a desire to return to work, and Dr. Bakst found there was no neurological reason for Plaintiff not to do so.

Plaintiff then returned to Dr. Harris, and continued to express a desire to return to work in a light duty status. Dr. Harris advised Plaintiff he could return to work with restrictions.

In early 1999, Plaintiff returned to Dr. Harris. At that time, Plaintiff reported weakness in his hands, and Dr. Harris noticed muscle wasting of Plaintiff's hand muscles and clawing of Plaintiff's third and fourth fingers. Plaintiff was sent for a CT scan, and was diagnosed with bilateral ulnar neuropathy. Plaintiff underwent surgery to correct this condition on March 12, 1999. Plaintiff's medical records during this time also indicate Plaintiff was diagnosed with prostate cancer.

1   Five months after his surgery, Plaintiff was seen at the emergency room at Sharp Chula Vista
2   Medical Center after he fainted at a friend's house.  He was admitted to the hospital, and it was
3   determined that Plaintiff had alcoholic liver disease.

4   More than one year later, Plaintiff had another fainting episode, and he was taken to the
5   emergency room.  He was again admitted to the hospital, and advised to enter a treatment program for
6   his alcoholism.

7   Plaintiff was admitted to the Chemical Dependency Unit at Sharp Mesa Vista Hospital on
8   January 6, 2001.  He was discharged on January 15, 2001.

9   Plaintiff was subsequently seen in the emergency room at Scripps Memorial Hospital Chula
10   Vista on July 14, 2002, for dizziness and weakness secondary to alcoholism.

11   Plaintiff was evaluated by two psychiatrists following this emergency room visit, Richard
12   Hicks, M.D., and Marcie Goldman, Ph.D.  Both of these doctors opined Plaintiff could do simple
13   repetitive tasks.  (*Id.* at 343, 350.)

14   In 2002, Plaintiff filed an application for SSI benefits.  Plaintiff's application was denied after
15   initial review and after reconsideration.  Plaintiff timely requested a hearing before an Administrative
16   Law Judge ("ALJ").  ALJ Bernard Trembly held a hearing on Plaintiff's claim on December 18, 2003.
17   Plaintiff was represented by attorney Ann Hadridge, and he testified at the hearing.  On March 24,
18   2004, the ALJ issued a written decision denying Plaintiff's claim.

19   Plaintiff thereafter requested an administrative review of the ALJ's decision.  The Appeals
20   Council granted Plaintiff's request, and remanded his case to the ALJ.  (*Id.* at 72-73.)  In the remand
21   order, the Appeals Council directed the ALJ to "[f]urther evaluate the claimant's mental impairments
22   under the guidelines set forth in 20 CFR 404.1520a[.]" (*Id.* at 72.)  The Appeals Counsel also directed
23   the ALJ to:

24       Obtain evidence from a vocational expert to clarify the effect of the assessed
         limitations on the claimant's occupational base (Social Security Rulings 83-12 and 85-
25       15).  The hypothetical questions should reflect the specific capacity/limitations
         established by the record as a whole.  The Administrative Law Judge will ask the
26       vocational expert to identify examples of appropriate jobs and to state the incidence
         of such jobs in the national economy (20 CFR 404.1566).  Further, before relying on
27       the vocational expert evidence the Administrative Law Judge will identify and resolve
         any conflicts between the occupational evidence provided by the vocational expert and
28       information in the Dictionary of Occupational Title (DOT) and it's companion

1    publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p.)

2    (*Id.* at 73.)

3        Pursuant to the Appeals Council Order, ALJ Trembly held another hearing on Plaintiff's claim

4    on June 1, 2005.  Plaintiff testified at the hearing, as did vocational expert ("VE") Gloria Lasoff.  On

5    June 24, 2005, the ALJ issued a second decision again denying Plaintiff's claim.  Plaintiff appealed

6    this decision, but the Appeals Council denied review.

7        Plaintiff thereafter filed the present Complaint on April 17, 2006.  Plaintiff filed the present

8    motion on September 11, 2006, Defendant filed her cross-motion on October 12, 2006, and Plaintiff

9    filed his reply on October 26, 2006.

10                                            **II.**

11                                       **DISCUSSION**

12        Plaintiff argues the ALJ's finding at step five of the sequential evaluation process is not

13    supported by substantial evidence and is based on an error of law.  Specifically, he asserts the ALJ

14    failed to comply with Social Security Ruling 00-4p.  Defendant does not dispute the ALJ failed to

15    comply with this Ruling, but she asserts that failure was harmless.

16    **A.    Legal Standards**

17        To qualify for disability benefits under the Social Security Act, an applicant must show that:

18    (1) he suffers from a medically determinable impairment that can be expected to result in death or that

19    has lasted or can be expected to last for a continuous period of twelve months or more; and (2) the

20    impairment renders the applicant incapable of performing the work that he previously performed or

21    any other substantially gainful employment that exists in the national economy.  42 U.S.C. §

22    423(d)(1)(A), (2)(A).  An applicant must meet both requirements to be considered "disabled."  *Id.*

23        The Secretary of the Social Security Administration has established a five-step sequential

24    evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.

25    Step one determines whether the claimant is engaged in "substantial gainful activity."  If he is,

26    disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the decision maker

27    proceeds to step two, which determines whether the claimant has a medically severe impairment or

28    combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Where the claimant does not

have a severe impairment or combination of impairments, the disability claim is denied.  Where the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404, Subpart P, Appendix 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past.  A claimant who is able to perform his previous work is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant cannot perform his previous work, the fifth and final step of the process determines whether he is able to perform other work in the national economy in view of his age, education, and work experience.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Social Security Commissioner's final decision.  42 U.S.C. § 405(g).  The scope of judicial review is limited.  The Commissioner's denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error.  *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence means "more than a mere scintilla but may be less than a preponderance." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001) (citation omitted).  It is "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." *Id.* (citation omitted); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (finding substantial evidence in the record despite ALJ's failure to discuss every piece of evidence).  Where the evidence can reasonably be construed to support more than one rational interpretation, the court must uphold the ALJ's decision.  *Batson*, 359 F.3d at 1193.  This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts.  *See Lewis*, 236 F.3d at 509.

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the

06cv0884

1    evidence and reaching his or her decision.  *See Batson*, 359 F.3d at 1193.  Section 405(g) permits a

2    court to enter a judgment affirming, modifying, or reversing the Commissioner's decision.  42 U.S.C.

3    § 405(g).  The reviewing court may also remand the matter to the Social Security Administrator for

4    further proceedings.  *Id.*

5    **B.     Social Security Ruling 00-4p**

6            As mentioned above, Plaintiff moves for reversal or remand of the ALJ's denial of his claim

7    based on the ALJ's failure to comply with Social Security Ruling 00-4p.  This ruling requires the ALJ

8    to:

9            Identify and obtain a reasonable explanation for any conflicts between occupational
             evidence provided by VEs or VSs and information in the Dictionary of Occupational
10           Titles (DOT), including its companion publication, the Selected Characteristics of
             Occupations Defined in the Revised Dictionary of Occupational Titles (SCO),
11           published by the Department of Labor, and Explain in the determination or decision
             how any conflict that has been identified was resolved.

12

13   SSR 00-4p.

14           Here, the ALJ stated in his second written decision on Plaintiff's claim that he "specifically

15   asked the vocational expert to note and explain disagreements, if any, with the provisions of the

16   Dictionary of Occupational Titles (DOT), and the vocational expert did not indicate any such

17   disagreement (Social Security Ruling 00-4p)."  (AR at 23.)  However, the transcript of the hearing

18   does not support this statement.  (*See* AR at 464-67.)  Therefore, based on the evidence before the

19   Court, and notwithstanding the ALJ's written decision, the Court finds the ALJ did not comply with

20   Social Security Ruling 00-4p.

21           The ALJ's failure to comply with this Ruling, however, does not mandate either reversal or

22   remand of his decision.  *Williams v. Barnhart*, 424 F.Supp.2d 796, 800-01 (E.D. Penn. 2006) (citing

23   *Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2006)); *Brown v. Barnhart*, 408 F.Supp.2d 28, 35

24   (D.D.C. 2006).  The Court may affirm the ALJ's decision if it is supported by substantial evidence.

25   *Id.*

26           In this case, the ALJ concluded at step five of the sequential evaluation process that "there are

27   jobs that the claimant is able to perform and sustain on a regular and continuing basis that exist in

28   significant numbers in the national economy; for example: counter clerk, with 1,000 jobs locally and

1  100,000 jobs nationally; storage clerk, with 500 jobs locally and 70,000 jobs nationally; and furniture

2  rental consultant, with 400 jobs locally and 75,000 jobs nationally." (AR at 25-26.)  This conclusion

3  was based on the testimony of the VE, who stated these jobs would be appropriate for someone like

4  Plaintiff, who is limited to simple, repetitive tasks.  (*Id.* at 465-66.)

5        Plaintiff argues the VE's testimony was inconsistent with the DOT, which states not all of

6  these jobs are limited to simple, repetitive tasks.  Defendant does not dispute Plaintiff's argument, but

7  asserts the VE's testimony was not entirely inconsistent with the DOT.  For instance, although the jobs

8  of storage clerk and furniture rental consultant are not limited to simple, repetitive tasks, the job of

9  counter clerk is so limited, and thus there is substantial evidence to support the ALJ's decision.

10        Two courts have agreed with Defendant's argument.  *See Rutherford*, 399 F.3d at 556-58;

11  *Brown*, 408 F.Supp.2d at 36.  In *Rutherford*, the plaintiff raised the same argument presented here,

12  namely, that the ALJ's reliance on the testimony of the VE was flawed because he did not inquire of

13  the VE pursuant to Social Security Ruling 00-4p. 399 F.3d at 556.  Although the court acknowledged

14  some inconsistencies between the VE's testimony and the DOT, the court ultimately rejected the

15  argument because the "inconsistencies are not present as to each of the jobs that the expert did list."

16  *Id.* at 557.  *Brown* presented a similar set of facts with the court reaching the same conclusion.  408

17  F.Supp.2d at 36 ("Since one of the three jobs described by the vocational expert is consistent with the

18  DOT and exists in significant numbers in the national economy, no failure by the administrative law

19  judge to ask if a conflict existed warrants a reversal.")

20        This Court is persuaded by the reasoning of these courts, and adopts the same conclusion in

21  this case.  As in *Rutherford* and *Brown*, not all of the jobs identified by the VE in this case are

22  inconsistent with the DOT.  As Plaintiff acknowledges, the job of counter clerk - photo, is consistent

23  with Plaintiff's limitation to simple, repetitive work.  Thus, although the ALJ did not comply with

24  Social Security Ruling 00-4p, there is substantial evidence to support his decision that Plaintiff is not

25  disabled.

26  / / /

27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's motion for summary judgment is DENIED, and Defendant's cross-motion for summary judgment is GRANTED.  The Clerk shall enter judgment accordingly, and terminate this case.

**IT IS SO ORDERED.**

DATED:  January 17, 2007

_____

HON. DANA M. SABRAW
United States District Judge

06cv0884